United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DONALD NORMAN**, <br> Plaintiff, <br> v. <br> **INTERSANGO, LLC, ET AL.**, <br> Defendants. | Case No. 16-cv-03587-YGR <br><br> **ORDER GRANTING MOTIONS TO DISMISS** <br> Re: Dkt. Nos. 36, 37 |

Plaintiff Donald Norman brings this derivate shareholder action against defendants Patrick Strateman, Jamie Strateman, and Amir Taaki, and nominal defendants Intersango, LLC and Intersango Ltd. (collectively, "Intersango" or the "Company")[1] for alleged fraud, breaches of fiduciary duties, and violations of certain securities regulations. Specifically, plaintiff brings the following causes of action: as against P. Strateman and Taaki, (i) breach of fiduciary duty; as against P. Strateman and J. Strateman (ii) conspiracy to commit conversion of corporate funds; (iii) conversion of corporate funds; (iv) conspiracy to commit fraud; and (v) fraud; as against P. Strateman only, (vi) unjust enrichment; and, presumably, as against the Company, (vii) violation of Securities and Exchange Commission ("SEC") Regulation D, Rule 502; and (viii) accounting.

Defendant Patrick Strateman and nominal defendant Intersango each filed a motion to dismiss on the following grounds: (i) failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6); (ii) in the absence of the singular federal claim alleged in the first amended complaint ("FAC"), lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure

---

[1] Neither Jamie Strateman nor Amir Taaki have appeared in this action, and there is no indication that either has been served.

1  12(b)(1); and (iii) failure to satisfy certain procedural requirements in a derivative shareholder
2  action.
3  Having carefully considered the pleadings and the papers submitted, and for the reasons set
4  forth below, the Court finds that plaintiff failed to state any federal claims and therefore **GRANTS**
5  defendants' motions to dismiss for lack of subject matter jurisdiction and **DISMISSES WITH**
6  **PREJUDICE** the entire action.  In its 24-page opposition, plaintiff devotes only a page to its sole
7  federal claim.[2]  Because the Court finds that it has no subject matter jurisdiction over the action,
8  the Court declines to exercise supplemental jurisdiction over the state law claims and does not
9  address defendants' alternative grounds for dismissal thereof.

### I.   BACKGROUND

#### A.   Procedural Background

Plaintiff initiated this action on June 25, 2016 by filing a verified shareholder derivative complaint.  (Dkt. No. 1.)  On September 1, 2016, defendant P. Strateman moved to dismiss, in part, for lack of subject matter jurisdiction.  Specifically, defendant argued that there was no diversity jurisdiction in this action and that plaintiff did not otherwise allege a federal question.  (Dkt. No. 23.)  On September 15, 2016, plaintiff filed a notice of non-opposition, but sought leave to amend to allege a federal claim.  (Dkt. No. 31.)  On September 27, 2016, the Court granted defendant's motion to dismiss for lack of subject matter jurisdiction and granted plaintiff leave to amend.  (Dkt. No. 33.)  Plaintiff filed an amended complaint on October 11, 2016 alleging, among others, a violation of the Securities Act and the Securities Exchange Act.  (Dkt. No. 35, "FAC.")  Specifically, plaintiff alleges that defendants failed to comply with a certain regulation by selling "securities" without the proper disclosures.  (FAC ¶¶ 55–58.)  On this basis, plaintiff contends that this Court properly has subject matter jurisdiction over the action.  (*Id.* at ¶ 14.)

---

[2] Twelve days after defendant P. Strateman filed his reply and over two weeks after defendant Intersango filed its reply, plaintiff filed an additional opposition, which addresses specifically defendant Intersango's motion to dismiss.  (Dkt. No. 49.)  Such opposition is procedurally improper, and as such, the Court **STRIKES** the same from the record.  In any event, plaintiff again dedicates only one page to his sole federal claim, which merely repeats the arguments contained in his first opposition.  (*Compare* Dkt. No. 43 *with* Dkt. No. 49.)

### B. Factual Background

Plaintiff Norman, along with defendants P. Strateman and A. Taaki, created Intersango with the intent to "own and operate the company as equals." (*Id.* at ¶ 4.) Intersango was originally incorporated in the United Kingdom as a private limited company on June 27, 2011 and then subsequently registered as a limited liability company in the state of Delaware on July 5, 2011. (*Id.* at ¶ 3.) Intersango operated as a bitcoin exchange, which earned money by taking fees from bitcoin transactions.[3]

Plaintiff alleges that he, P. Strateman, and Taaki each received equal shares of Intersango and "acted and governed the business as if a general partnership." (*Id.* at ¶ 7.) "Unanimous agreement was required for all major company decisions," and each was "assigned various roles" in managing Intersango. (*Id.*) Plaintiff further alleges that, in "exhcange for his one-third share of the Company, [he] agreed to act as the CEO . . . and provided the initial operational funding for the Company in excess of $60,000." (*Id.*) Taaki, in turn, "provided much of the technical expertise" and P. Strateman was "in charge of many of the technical aspects" of running Intersango. (*Id.*)

Generally, plaintiff alleges that, in the fall of 2012, P. Strateman "used his power and control over [Intersango's] assets to essentially shut Norman and Taaki out of the day-to-day business and operations of Intersango." (*Id.* at ¶ 8.) Plaintiff contends that P. Strateman has "repeatedly, to the detriment of [Intersango] and its shareholders, made completely unilateral decisions on behalf of the Company either without seeking the approval of the other member managers or against their express wishes." (*Id.*) With regards to Taaki, plaintiff alleges that Taaki "abandoned and abdicated all of his managerial responsibilities and walked away from his duties as a member manager." (*Id.* at ¶ 9.) Additionally, plaintiff alleges that P. Strateman entered into a "conspiracy with his mother, Jamie Strateman, both to commit fraud and to commit conversion with respect to Intersango's assets." (*Id.* at ¶ 12.)

---

[3] According to the FAC, bitcoin "is a digital asset and an innovative payment system released as open-source software in 2009." (*Id.* at ¶ 3.)

**II.     LEGAL FRAMEWORK**

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id.* at 678–79; *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (a court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

A motion to dismiss pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. "Federal courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins.Co. of Am.*, 511 U.S. 375, 377 (1994). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *Id*. A challenge pursuant to Rule 12(b)(1) may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the jurisdictional challenge is confined to the allegations pled in the complaint. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The challenger asserts that the allegations in the complaint are insufficient "on their face" to invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). To resolve this challenge, the court assumes the allegations in the complaint are true and draws all reasonable inferences in favor of the party opposing dismissal. *See Wolfe*, 392 F.3d at 362. Additionally, when all federal claims are dismissed before trial, the Ninth Circuit has held that "pendent state claims also should be dismissed." *Jones v. Cmty. Redevelopment Agency of the City of Los Angeles*, 733 F.2d 646, 651 (9th Cir. 1984).

4

### III. DISCUSSION

Defendants move to dismiss all of plaintiff's causes of action for failure to state a claim. Additionally, defendants argue that if the Court were to dismiss plaintiff's singular federal cause of action, the Court should refuse to exercise supplemental jurisdiction over plaintiff's state law claims. Plaintiff does not allege any other basis for the exercise of the Court's subject matter jurisdiction. The Court thus proceeds with an analysis of whether plaintiff has adequately alleged a federal cause of action.

Plaintiff's only federal cause of action here is a claim that defendants violated SEC Regulation D, Rule 502. Plaintiff contends that Rule 502 requires that unregistered securities be "preceded by disclosures that approximate those which would be disclosed in a formal registration," which were allegedly lacking here. (FAC ¶ 57.) Specifically, plaintiff alleges only that: "Prior to receiving plaintiff's monies in exchange for ownership shares in the [c]ompany, Strateman disseminated or approved certain material false statements and omissions, including but not limited to i) omitting that he would not honor his fiduciary duties to the [c]ompany should there be trouble and ii) that his intention was not to take one-third of the profits, but 100%." (*Id.* at ¶ 58.)

Defendants challenge plaintiff's claim under Rule 502 on three grounds: (i) plaintiff's membership interest in Intersango does not constitute a "security" interest under the federal securities laws; (ii) because such transactions occurred outside the United States, they are not covered by the federal securities laws; and (iii) Rule 502 does not apply to the circumstances alleged by plaintiff. Plaintiff argues only that his interests do constitute a security interest under the securities laws and that the alleged transactions partially occurred in the United States, but plaintiff fails to argue that Rule 502 applies to the transactions at issue here. For the reasons below, the Court agrees with defendants that plaintiff has failed to state a federal cause of action:

As an initial matter, the Court addresses whether the interest here qualifies as a "security" to warrant protection under the federal securities laws. Both the Securities Act and the Exchange Act define "security" expansively, and the Supreme Court has rejected a "narrow and literal reading" of such definition. *Warfield v. Alaniz*, 569 F.3d 1015, 1020 (9th Cir. 2009) (citing *Reves*

1  *v. Ernst & Young*, 494 U.S. 56, 60 (1990)); *see* 15 U.S.C. § 77b(1) (defining security under the
2  Security Act); 15 U.S.C. § 78c(1) (defining security under the Exchange Act). "Novel,
3  uncommon, or irregular devices, whatever they appear to be, are also reached if it be proved as a
4  matter of fact that they were widely offered or dealt in under terms or courses of dealing which
5  established their character in commerce as 'investment contracts,' or as 'any interest or instrument
6  commonly known as a security.'" *SEC v. C.M. Joiner Leasing Corp.*, 320 U.S. 344, 351 (1943).
7  In determining whether a particular instrument or ownership interest is considered a security under
8  either act, the Supreme Court applies a three-prong test requiring: (i) an investment of money; (ii)
9  in a common enterprise; (iii) with an expectation of profits produced by the efforts of others.
10 *Warfield*, 569 F.3d at 1020 (citing *SEC v. W.J. Howey Co.*, 328 U.S. 293, 298–99 (1946)). "The
11 third prong of this test, requiring 'an expectation of profits produced by the efforts of others,'
12 involves two distinct concepts: whether a transaction involves any expectation of profit and
13 whether expected profits are the products of the efforts of a person other than the investor." *Id.*
14 "[T]he nature of an instrument is to be determined at the time of issuance, not at some subsequent
15 time." *Danner v. Himmelfarb*, 858 F.2d 515, 520 (9th Cir. 1988) (citation omitted).

16  Given the nature of plaintiff's allegations regarding the creation of his membership interest
17 in Intersango, the Court finds that such interest does not satisfy the third prong of the Ninth
18 Circuit's test to determine whether plaintiff purchased an interest or instrument, which constitutes
19 a "security." Specifically, plaintiff alleges the following:

> Norman, Taaki, and Strateman all received equal shares of Intersango. Corporate governance documents, such as Bylaws and or Operating agreements were not formally entered into by the Parties, who acted and governed the business as if a general partnership. They were all member managers of Intersango. Unanimous agreement was required for all major company decisions. Additionally, they were all assigned various roles in the Company. In exchange for his one-third share of the Company, Norman agreed to act as the CEO of the Company, although he was generally in charge of only non-technical aspects of Intersango's operations, and provided the initial operational funding for the Company in excess of $60,000.

(FAC ¶¶ 4–5; *see also id.* at ¶ 5 ("The Company was created upon an agreement by plaintiff Norman and Defendants Strateman and Taaki that they would own and operate the company as equals").) Plaintiff argues only that defendant P. Strateman never passed over control over the

1 entity and therefore plaintiff's profits were wholly dependent on P. Strateman's efforts. However,
2 as discussed above, the nature of the instrument is to be determined at the time of issuance. *See*
3 *Danner*, 858 F.2d at 520. Here, the FAC unambiguously alleges that, at the time of issuance, the
4 parties contemplated that each would be involved in the operation and management of Intersango.
5 Moreover, plaintiff's argument that he never exercised control over the Company is belied by the
6 allegations in the FAC. In the FAC, plaintiff does not allege that P. Strateman "never" passed
7 over control, but rather that P. Strateman wrested control from the other members in the fall of
8 2012 "to essentially shut Norman and Taaki out of the day-to-day business and operations of
9 Intersango." (FAC ¶ 8.) Such an arrangement is not characteristic of the "security" interest
10 contemplated by the federal securities laws.

11 Thus, the Court finds that plaintiff does not have a protectable "security" interest and has
12 therefore failed to state a claim under the federal securities laws and regulations promulgated
13 thereunder.[4] Accordingly, the Court **DISMISSES** plaintiff's claim under Regulation D, Rule 502.
14 Because the Court finds that, given the nature of the allegations and the prior opportunity to
15 amend, plaintiff cannot plead a violation of the federal securities laws, such dismissal is with
16 prejudice and without leave to amend.[5]

17 Furthermore, given the Court's dismissal of plaintiff's only federal cause of action, and in
18 the absence of any other basis for the Court's exercise of subject matter jurisdiction, the Court
19 declines to exercise supplemental jurisdiction over plaintiff's state law claims and **DISMISSES** the
20 remainder of the action for lack of subject matter jurisdiction.

---

[4] Because the Court finds that plaintiff's interests in Intersango do not constitute "securities," the Court does not address defendants' other grounds for dismissing plaintiff's federal cause of action.

[5] Specifically, the Court finds that amendment would be futile given the history of the case (*see* Dkt. No. 33 (previous order dismissing for lack of subject matter jurisdiction based on plaintiff's admission that diversity jurisdiction did not exist)) and plaintiff's concessions in his response to an order to show cause regarding the merits of his federal claim (*see* Dkt. No. 44 at 2 (in explaining why his opposition was late, plaintiff indicates that he "became concerned that establishing his Federal Securities claims would be more of a burden then [sic] a benefit"); *id.* at 3 ("The fact, simply, is that Defendant has not met its burden in order to have a dismissal herein, except perhaps re Plaintiff's Federal Claim.")).

### IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' motions to dismiss as follows: The Court **DISMISSES WITH PREJUDICE** plaintiff's cause of action under the federal securities laws for failure to state a claim. The Court **DISMISSES** the balance of the action for lack of subject matter jurisdiction. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: December 16, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**